IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMEKO BRICKHOUSE, #R05052, <br><br>          Plaintiff, <br><br> v. <br><br> JACQUELINE LASHBROOK, JOHN DOE, C/O WILSON, and C/O JOHNSON, <br><br>          Defendants. | Case No. 20-cv-00056-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      Plaintiff Dameko Brickhouse, also known as Koko Brickhouse, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of her constitutional rights that occurred while at Menard Correctional Center ("Menard"). Brickhouse claims that while in protective custody in 2018 she was retaliated against by staff and attacked in the shower by another inmate. She is seeking monetary damages and injunctive and declaratory relief.

      The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Court must also consider whether any claims are improperly joined and subject to severance or dismissal. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

## THE COMPLAINT

Brickhouse alleges the following: She is a transgender person diagnosed with "gender identity disorder." (Doc. 1, p. 6). In May 2018, she was granted protective custody and held in the protective custody unit due to her transgender status. Correctional Officers Johnson and Wilson worked the protective custody unit in 2018 and had a history of harassing prisoners and using prisoners to intimidate and assault other prisoners. Inmates in protective custody wrote numerous complaints and grievances to the warden at Menard, Lashbrook, and the major of the North Lowers Cellhouse, John Doe, about Johnson and Wilson, but Lashbrook and John Doe turned a blind eye to the complaints. (*Id.* at p. 7).

While Brickhouse was in protective custody, Johnson began retaliating against Brickhouse because she had filed a Prison Elimination Act ("PREA") complaint against Wilson. Johnson told Brickhouse that she made a mistake by filing a PREA complaint on his friend and that she "would pay for it." (*Id.* at p. 6).

Johnson retaliated against Brickhouse by refusing her lunch trays and making verbal threats and sexual comments towards Brickhouse. (*Id.* at p. 7). Johnson also wrote Brickhouse a false disciplinary report, and, as a result, Brickhouse was sent to segregation.

On May 21, 2018, while Brickhouse was showering in a single occupant shower designated for inmates who are transgender, Johnson let an inmate, Cory "Playboy" Jones, out of his cell so that Jones could "forcefully have sex" with Brickhouse. When Jones entered the shower, he told Brickhouse he was going to have sex with her. Out of fear, Brickhouse complied with Jones's demands and performed oral sex. (*Id.* at p. 7). Brickhouse later reported the incident. (*Id.* at p. 7-8). Jones was taken to the segregation unit under investigative status, but no one from the Internal Affairs Department came to interview Brickhouse about the assault. (*Id.* at p. 8). Brickhouse was eventually transferred to the protective unit at Pontiac Correctional Center.

**PRELIMINARY DISMISSAL**

In the Complaint, Brickhouse alleges that (1) she previously wrote a PREA complaint about Correctional Officer Wilson; (2) Wilson worked in the protective custody unit in 2018; and (3) Wilson had a history of mistreating inmates. Brickhouse does plead any allegations or facts, however, regarding Wilson's involvement in the violation of her constitutional rights. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). Accordingly, Wilson is dismissed without prejudice.

**DISCUSSION**

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

**Count 1:** Eighth Amendment claim against Johnson for allowing Inmate Jones to leave his cell so that Jones could sexually assault Brickhouse.

**Count 2:** Eighth Amendment claim against Lashbrook and John Doe for failing to protect Brickhouse from Johnson and Inmate Jones.

**Count 3:** First Amendment claim against Johnson for retaliating against Brickhouse for filing a PREA complaint against another correctional officer.

**Count 4:** Fourteenth Amendment due process claim against Johnson for issuing Brickhouse a false disciplinary ticket.

**Count 5:** Fourteenth Amendment equal protection claim against Defendants.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Count 1

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (7 Cir. 2007).

prisoners and imposes a duty on officers "to protect prisoners from violence at the hands of other prisoners." *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). Brickhouse's claims that Johnson intentionally allowed another inmate, who had a history of sexual assault, out of his cell so that he could harm Brickhouse is sufficient for Count 1 to survive screening.

### Count 2

"In order to state a claim under the Eighth Amendment for failure to protect, a plaintiff bears the burden of establishing prison officials were "deliberately indifferent" to the fact that an inmate was in serious peril of being harmed." *Pinkston,* 440 F. 3d at 889 (citing *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir.2005); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir.1999)). *See also Pope v. Shafer,* 86 F. 3d 90, 92 (7th Cir. 1996).

Here, Brickhouse alleges that Lashbrook and John Doe were notified by complaints and grievances filed by other inmates in protective custody that Correctional Officer Johnson was harassing prisoners and "using" Inmate Jones to intimidate and assault other inmates in the protective custody unit. (Doc. 1, p. 7). They also were aware that Jones has a history of sexual assaults. (*Id.* at p. 8). Despite this knowledge, Lashbrook and John Doe failed to act, disregarding the risk to Brickhouse's safety. These allegations establish a viable claim for failure to protect, and Count 2 shall proceed against Lashbrook and John Doe.

### Count 3

Brickhouse claims that because she filed a PREA complaint against Correctional Officer Wilson, Johnson harassed her, denied her lunch trays, made threats and sexual comments towards her, and wrote her a false disciplinary ticket. These allegations are sufficient for Count 3 to proceed against Johnson for retaliation. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (prison officials may not retaliate against inmates for filing grievances, exercising First

Amendment rights, or otherwise complaining about their conditions of confinement).

### Count 4

A disciplinary ticket issued falsely does not, standing alone, violate the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). *See also Hadley v. Peters,* 841 F. Supp. 850, 856 (C.D. Ill. 1994), *aff'd,* 70 F.3d 117 (7th Cir. 1995). Brickhouse claims that Johnson wrote her a false disciplinary ticket in retaliation for filing a PREA complaint but does not allege the disciplinary hearing she received for the ticket issued was procedurally deficient in any way. Therefore, a claim for procedural due process violations for the issuance of the ticket is dismissed.

While these allegations are not sufficient to establish a procedural due process claim against Johnson, the Seventh Circuit has stated that [i]ssuing false and unjustified disciplinary charges can amount to a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right." *Black v. Lane*, 22 F.3d 1395, 1402–03 (7th Cir. 1994). Count 4 will, therefore, proceed against Johnson for violating Brickhouse's substantive due process rights.

### Count 5

The Equal Protection Clause of the Fourteenth Amendment protects against governmental discrimination on the basis of race, gender, national origin, or religion. *See also Whitaker by Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) (discrimination based on a person's transgender status or discrimination based on sex stereotyping may also be actionable as an equal protection claim). It also prohibits a government official from singling out a person for different treatment for no rational reason. "To state a class-of-one equal protection claim, an individual must allege that she was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'"

*Swanson v. City of Chetek*, 719 F.3d 780, 783-84 (7th Cir. 2013) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Brickhouse claims that Defendants "deliberately targeted" her because she is African American and transgender. (Doc. 1, p. 8). She states that staff at Menard are predominately Caucasian and have a history of harassing and retaliating against African American inmates. Brickhouse has not provided, however, any factual assertions connecting Defendants' conduct and her race and transgender status or demonstrating "intentional or purposeful discrimination" on the part of Defendants. *Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996). The Complaint alleges that multiple prisoners in the protective custody unit complained to Lashbrook and John Doe about Johnson's conduct and none of the complaints were addressed, and Johnson had a history of harassing prisoners, demonstrating that Defendants' treated other prisoners in the protective unit in a similar manner as Brickhouse. Because Brickhouse cannot rely on bald or conclusory assertions to establish a claim for discrimination, Count 5 is dismissed. *See Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009) (citing *Twombly*, 550 U.S. at 554-55).

### IDENTIFICATION OF THE UNKNOWN DEFENDANT

Brickhouse will be allowed to proceed with Count 2 against the John Doe Defendant, but this individual must be identified with particularity before service of the Complaint can be made. Brickhouse will have the opportunity to engage in limited discovery to ascertain the unknown defendant's identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In that vein, Warden Anthony Wills shall be added as a defendant in this action, in his official capacity, for the purpose of responding to discovery aimed at identifying the unknown defendant. Guidelines for discovery will be set at a later date. Once the name of the individual is discovered, Brickhouse must file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

**INJUNCTIVE RELIEF**

The Complaint includes a request for injunctive relief, however, Brickhouse is no longer incarcerated at Menard, where the events giving rise to this action occurred. Therefore, any request for injunctive relief is now moot and is dismissed. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

**DISPOSITION**

For the reasons provided above, the Complaint survives preliminary review pursuant to 28 U.S.C. §1915A. **Counts 1, 3**, and **4** shall proceed against Johnson, and **Count 2** shall proceeding against Lashbrook and John Doe. **Count 5** is **DISMISSED without prejudice**. The claims for injunctive relief are **DISMISSED without prejudice**. Defendant Wilson is also **DISMISSED without prejudice**, and the Clerk of Court is **DIRECTED** to terminate him as a defendant. The Clerk is further **DIRECTED** to **ADD** Warden Anthony Wills as a defendant, in his official capacity only, for the purpose of responding to discovery aimed at identifying the unknown defendant.

The Clerk of Court shall prepare for Johnson, Lashbrook, Wills (official capacity), and John Doe (once identified):   (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Brickhouse. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Brickhouse, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants, with the exception of Warden Wills, are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order. <u>Warden Wills need only appear in this matter and is not obligated to file an answer.</u>**

If judgment is rendered against Brickhouse, and the judgment includes the payment of costs under Section 1915, Brickhouse will be required to pay the full amount of the costs, whether or not an *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Brickhouse is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:   December 2, 2020**

                                                       *s/Stephen P. McGlynn*
                                                      **STEPHEN P. MCGLYNN**
                                                      **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Brickhouse is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Brickhouse need not submit any evidence to the Court at this time, unless otherwise directed by the Court.